UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DREW JAMES PELTOLA, #448153,

        Plaintiff,

v.

        CASE NO. 2:10-CV-13482
        HONORABLE VICTORIA A. ROBERTS

MELINDA BENNETT, et al.,

        Defendants.
_____/

### OPINION AND ORDER SUMMARILY DISMISSING COMPLAINT AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION

I.    Introduction

Before the Court is Plaintiff Drew James Peltola's pro se civil rights complaint filed pursuant to 42 U.S.C. §§ 1983 and 1985, as well as his motion for a temporary restraining order and/or preliminary injunction. Plaintiff, an inmate at the Mid-Michigan Correctional Facility in St. Louis, Michigan, has been granted leave to proceed without prepayment of the filing fee for this action. In his complaint, Plaintiff challenges the confiscation of his Uniform Commercial Code ("UCC") materials, namely three pages of financing statements. He alleges a violation of his property rights, a denial of his right of access to the courts, abuse of process, conspiracy, and retaliation. Plaintiff names the Librarian Melinda Bennett, Assistant Resident Unit Manager N. Peet, Resident Unit Managers Larsen and Corrin, and Warden Nick Ludwick as the defendants in this action and sues them in their individual capacities. Plaintiff seeks monetary damages, as well as declaratory and injunctive relief. Having reviewed the complaint, the Court dismisses it

1

pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

II.     Legal Standards

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, _ U.S. _, 129 S. Ct. 1937, 1949 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557).

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to

state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). A *pro se* civil rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Despite this liberal pleading standard, the Court finds that Plaintiff's complaint is subject to dismissal.

III.  Discussion

   A.  Property Rights

Plaintiff first asserts that the confiscation of his UCC materials resulted in a deprivation of his property rights. In a civil rights action alleging the deprivation of property without procedural due process, "the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate . . . the plaintiff must attack the state's corrective procedure as well as the substantive wrong." *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983); *see also Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995). The plaintiff must prove the due process element, the inadequacy of state processes, even if the property deprivation was intentional. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Vicory*, 721 F.2d at 1065. Plaintiff has not done so. The State of Michigan provides several adequate post-deprivation remedies for such claims. *See,*

*e.g., Copeland*, 57 F.3d at 480; *Etheridge v. Evers*, 326 F. Supp. 2d 818, 824 (E.D. Mich. 2004). Plaintiff neither alleges nor establishes that the state remedies are inadequate. He thus fails to state a claim upon which relief may be granted under § 1983. His property claims regarding the confiscation of UCC materials is dismissed.

    B.    Access to Courts

Plaintiff asserts that the confiscation of his UCC materials violates his right of access to the courts. Prisoners, including indigent prisoners, have a constitutional right of access to the courts, which the states have an affirmative duty to protect. *See Bounds v. Smith*, 430 U.S. 817, 821-25 (1977). A prisoner's right of access to the courts is limited to direct criminal appeals, habeas corpus applications, and civil rights claims challenging the conditions of confinement. *See Lewis v. Casey*, 518 U.S. 343, 355 (1996); *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999). This right of access requires prison authorities to provide either the legal tools necessary for inmates to represent themselves, *e.g.*, a state-provided law library, or the assistance of legally-trained personnel. *See Holt v. Pitts*, 702 F.2d 639, 640 (6th Cir. 1983) (citations omitted). To prevail on a §1983 claim concerning the denial of access to the courts, a plaintiff must make some showing of prejudice or actual injury as a result of the challenged conduct. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996). This can be established by showing that the deprivation resulted in "the late filing of a court document or the dismissal of an otherwise meritorious claim." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

Plaintiff makes no such showing. First, his UCC materials or UCC-based claims are not related to his convictions, *see, e.g., United States v. Holloway*, 11 F. App'x 398, 400 (6th Cir. 2001) (stating that the UCC is not applicable in criminal proceedings), or his conditions of

4

confinement. Therefore, the confiscation of his UCC materials by MDOC officials does not infringe upon his First Amendment right of access to the courts. Second, Plaintiff neither alleges nor establishes facts showing prejudice, *i.e.*, that any of his constitutionally-guaranteed legal proceedings have been compromised by the defendants' actions. He thus fails to state a claim that his constitutional right of access to the courts has been denied. This claim is dismissed.

      C.      Abuse of Process

Plaintiff next asserts that the defendants' actions constitute an abuse of process. Initially, the Court notes that the United States Court of Appeals for the Sixth Circuit has not determined whether an abuse-of-process claim is a cognizable claim which may be redressed under § 1983. *See, e.g., Voyticky v. Timberlake*, 412 F.3d 669, 676-77 (6th Cir. 2005). Moreover, if such a claim were a cognizable federal claim, it would likely track the elements of the state claim. Under Michigan law, an abuse-of-process claim requires a plaintiff to establish: 1) an ulterior purpose and 2) an act that is improper in the regular prosecution of a case. *Peiser v. Detroit Free Press*, 68 Mich. App. 360, 242 N.W.2d 775 (1976). Simply instituting legal proceedings, even if for improper purposes, is insufficient to state an abuse-of-process claim. *Friedman v. Dozorc*, 412 Mich. 1, 312 N.W.2d 585 (1981).

Plaintiff's complaint concerns the confiscation of UCC materials and does not involve a criminal prosecution. Plaintiff has not alleged any facts with respect to defendants' conduct that could be construed as involving an "ulterior purpose" in initiating criminal charges against him. He has thus failed to state a claim for abuse of process and this claim must be dismissed.

      D.      Conspiracy

Plaintiff also alleges that the defendants engaged in a conspiracy to violate his

5

constitutional rights. To sustain a conspiracy claim under § 1983, a plaintiff must show: (1) a single plan, (2) that the alleged co-conspirator shared in the general conspiratorial objective, and (3) that an overt act was committed in furtherance of the conspiracy that deprived the plaintiff of his civil rights. *See Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985); *see also Memphis, TN Area Local v. City of Memphis*, 361 F.3d 898, 905 (6th Cir. 2004). Neither an express agreement is required, nor knowledge of all the details of the plan or its participants. *Id*. Nevertheless, to state a conspiracy claim under § 1983, a plaintiff must plead the conspiracy with some specificity. Vague and conclusory allegations unsupported by material facts are insufficient to state a conspiracy claim under § 1983. *See Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987); *see also Horton v. Martin*, 137 F. App'x 773 (6th Cir. 2005). A federal court need not accept as true legal conclusions, or vague and conclusory allegations of a conspiracy, to create a valid claim under 42 U.S.C. § 1983 when none exists. *See Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

Similarly, to state a claim of conspiracy under § 1985(3), plaintiff must allege (1) a conspiracy involving two or more people, (2) for the purpose of depriving, directly or indirectly a person or class of persons the equal protection of the law, (3) an act in furtherance of the conspiracy and (4) with a resulting injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States. A plaintiff must also show that the conspiracy was motivated by a class-based animus, such as race. *Smith v. Thornburg*, 136 F.3d 1070, 1078 (6th Cir. 1998).

In this case, Plaintiff has made no such showing. His allegations of conspiracy are conclusory and he has not alleged that the defendants were motivated by any class-based animus

such as race or gender. Moreover, prisoners are not members of a protected class for equal protection purposes. *See, e.g., Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). Plaintiff fails to state a conspiracy claim upon which relief may be granted under either § 1983 or § 1985. His claims are dismissed.

    E.    Retaliation

Lastly, Plaintiff alleges that the defendants retaliated against him in violation of his constitutional rights. To state a retaliation claim, a plaintiff must allege: (1) that he engaged in protected conduct, (2) that an adverse action was taken against him that would "deter a person of ordinary firmness from continuing to engage in that conduct," and (3) that the adverse action was motivated by the protected conduct. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 395 (6th Cir. 1999) (en banc). The plaintiff bears the burden of proof on all three elements. *See Mt. Healthy*, 429 U.S. at 287; *Smith v. Campbell*, 250 F.3d 1032, 1038 (6th Cir. 2001).

Plaintiff has not met these standards; he failed to allege facts which show that he engaged in constitutionally protected conduct or that the defendants' actions in confiscating his UCC materials or in enforcing the MDOC policy were motivated by constitutionally-protected conduct. Conclusory allegations are insufficient to state a civil rights claim. *See Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003); *see also Crawford-El v. Britton*, 523 U.S. 574, 588 (1998). Plaintiff has failed to state a retaliation claim under § 1983 and this claim is dismissed.

IV.    Conclusion

For the reasons stated, the Court concludes that Plaintiff failed to state a claim upon which relief may be granted under 42 U.S.C. §§ 1983 and 1985. Accordingly, the Court **DISMISSES** his civil rights complaint. Given this determination, the Court **DENIES** Plaintiff's

7

motion for temporary restraining order and/or preliminary injunction. Lastly, the Court concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS ORDERED.**

                                                   S/Victoria A. Roberts
                                                   Victoria A. Roberts
                                                   United States District Judge

Dated: November 16, 2010

> The undersigned certifies that a copy of this document was served on the attorneys of record and Drew James Peltola by electronic means or U.S. Mail on November 16, 2010.
>
> s/Carol A. Pinegar
> Deputy Clerk